IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America

        Plaintiff,                  Case No. 3:15cr169

v.                                    Judge Thomas M. Rose

Charles McBeath

        Defendant,

---

ENTRY AND ORDER DENYING DEFENDANT'S MOTION

FOR CONSIDERATION OF EARLY RELEASE (Doc. 180)

---

        This matter comes before the Court pursuant to Defendant's Motion for Consideration of Early Release (Doc. 180). The Government filed a Response (Doc. 181) and no Reply has been filed.

        Defendant requests this consideration based upon concern about the COVID-19 pandemic and his health and well-being during his incarceration. This Court concludes the Motion is pursuant to 18 U.S.C. 3582(c)(1)(A)(i), asking that consideration be given to his release from confinement because of the recent outbreak of COVID-19 virus pandemic in the community at large and throughout Bureau of Prisons. Based upon the Defendant's filing there is no indication that he has exhausted his BOP (Bureau of Prisons) remedies.

        Section 3582(c)(1)(A) expressly provides that the Court "may not modify a term of imprisonment" upon a motion brought by a defendant until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier…" 18 U.S.C. 3582(c)(1)(A) (emphasis added). Given the lack of any indication that the Defendant has fully exhausted his Bureau of Prisons remedies, and that he has not otherwise shown that either condition of this statutory exhaustion requirement has been fulfilled, the Court cannot grant this Motion. *Ross v. Blake*, 136 S. Ct.

1850, 1856-57, 195 L. Ed. 2d 117 (2016) (a court may not excuse exhaustion requirements mandated by statute because "mandatory exhaustion statutes … establish mandatory exhaustion regimes, foreclosing judicial discretion"); *see also United States v. Allen*, Case No. 1:19-cr-98-10, 2020 U.S. Dist. LEXIS 66414 (N.D. Ohio Apr. 15, 2020) (denying defendant's motion for compassionate release in context of COVID-19 pandemic because he failed to comply with the exhaustion and 30-day requirements of § 3582(c)(1)(A)); *United States v. Alam*, Case No. 15-20351, 2020 U.S. Dist. LEXIS 61588, at *6-7 (E.D. Mich. Apr. 8, 2020) (denying emergency motion for compassionate release, collecting cases, and concluding that "neither condition described in 18 U.S.C. § 3582(c)(1)(A) is met, and that this failure to exhaust cannot be excused, even in light of the COVID-19 pandemic").  Therefore, the Court **DENIES** Defendant's Motion for Consideration of Early Release (Doc. 180) without prejudice.

    IT IS SO ORDERED.

    Date:   July 21, 2020                             \*s/Thomas M. Rose

                                                 Judge Thomas M. Rose
                                                 United States District Court